Jeremy L. Bordelon, OSB No. 160789
jeremy@evergreendisability.com
Evergreen Disability Law
465 Northeast 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| LAURA FINNEY, | Civil No. 6:22-cv-1405 |
| Plaintiff, | |
| | COMPLAINT FOR ERISA BENEFITS |
| v. | |
| SUN LIFE ASSURANCE COMPANY of CANADA, | |
| Defendant. | |

Plaintiff, Laura Finney, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to provide short term disability (STD) and long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan or plans constitute a "plan under ERISA."

PLAINTIFF'S COMPLAINT                    1

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, the plan's mandatory appeals are either exhausted or deemed exhausted by operation of law and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of Oregon pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach took place. Specifically, Plaintiff resided in this district at the time defendants failed to deliver documents and benefits due to her.

## PARTIES

4. Plaintiff, Laura Finney (hereinafter, "Ms. Finney" or "Plaintiff"), is currently a resident of Marion County, Oregon.

5. Defendant Sun Life Assurance Company of Canada ("Sun Life" or "Defendant"), is an insurance company with its U.S. headquarters in Wellesley Hills, Massachusetts, and is authorized to transact the business of insurance in this state.

6. Sun Life is the party obligated to pay benefits due under Group Short Term Disability Policy 221462-001, issued by Sun Life to Adapt8, Inc.

7.  Sun Life is the party obligated to pay benefits due under Group Long Term Disability Policy 221462-002, issued by Sun Life to Adapt8, Inc.

8. Sun Life may be served with process in Oregon by and through its registered agent for service of process, CT Corporation System, 780 Commercial Street Southeast, Suite 100, Salem, Oregon 97301.

## FACTS

9. Plaintiff was employed by Adapt8, Inc.

10. By virtue of her employment, Plaintiff was covered by the Group Short-Term and Long-Term Disability policies issued by Sun Life to her employer.

11. The provision of group disability insurance coverage to employees of Adapt8 constitutes one or more ERISA welfare benefit plans ("Plans").

12. Plaintiff ceased work for Adapt8 on or about April 3, 2019 due to post traumatic stress disorder, as well as other mental health conditions.

13. When Plaintiff ceased work she was covered under the terms of the Plans.

14. Plaintiff timely applied for short term disability (STD) benefits under that Plan.

15. By letter dated May 17, 2019, Sun Life denied Plaintiff's claim for STD benefits, stating that it had not received a statement from the claimant or her physician supporting the claim.

16. On November 14, 2019, Ms. Finney submitted a timely appeal of her STD claim denial, stating her intent to provide the requested information as soon as possible.

17. Due to her mental health conditions, Ms. Finney is frequently unable to gather and organize information to respond to requests for information, and takes long periods of time to do so.

18. On September 29, 2020, Ms. Finney submitted additional evidence which supported her claim for STD benefits.

19.  Ms. Finney's September 29, 2020 letter also requested that Sun Life open and consider a claim for long term disability (LTD) benefits, since the waiting period for those benefits was from approximately April 4, 2019 to July 2, 2019.

20.  Following receipt of Plaintiff's September 29, 2020 letter, a representative of Sun Life contacted Plaintiff's counsel and provided additional forms it requested Ms. Finney complete as part of the claim process.

21.  On February 25, 2021, Plaintiff submitted the completed forms Sun Life had requested, including several medical record release forms signed by Ms. Finney. This letter and the accompanying forms were sent via facsimile, with confirmation of Sun Life's receipt.

22.  On March 30, 2021, a representative of Sun Life contacted Plaintiff's counsel to state that they had not received the requested forms. The forms were re-sent the same day, via fax, again with confirmation of Sun Life's receipt.

23.  On July 22, 2021, Sun Life issued an additional denial of Plaintiff's STD claim, again stating that the claim was denied for "lack of information." The information noted as missing was "a total disability date from your healthcare provider" and "authorization forms completed by the client."

24.  With her September 29, 2020 letter, Plaintiff had provided to Sun Life letters from her providers stating that she was disabled on or before her last day of work due to her mental health conditions, along with supporting medical records.

25. "Certification" of a specific date of disability by a health care provider is not listed as a requirement in either the short term or long term disability insurance policies issued to Plaintiff's employer by Sun Life.

26. Plaintiff provided the release forms Sun Life requested on February 25, 2021, and again on March 30, 2021.

27. On June 9, 2022, Plaintiff's counsel emailed a representative of Sun Life and again requested that a claim for LTD benefits be opened and considered. This email included copies of letters previously sent to Sun Life on September 29, 2020, on February 25, 2021, on April 20, 2021, and on August 5, 2021 either requesting a claim for LTD be opened or referencing prior requests that an LTD claim be opened.

28. On June 29, 2022, Plaintiff's counsel sent an additional email to a different representative of Sun Life requesting again that an LTD claim be opened for the Plaintiff.

29. On July 1, 2022, Plaintiff's counsel received an email enclosing a copy of a letter dated June 15, 2022, enclosing forms which Sun Life stated were necessary to begin a claim for LTD benefits.

30. The same letter dated June 15, 2022 enclosing LTD claim forms was received by regular U.S. Mail on or about July 18, 2022.

31. At this time, Plaintiff is still attempting to complete and return the requested forms and information to Sun Life regarding her LTD claim.

32. The LTD policy contains a contractual limitations period purporting to limit a claimant's right to file an ERISA suit to no more than three years after when proof of claim was required.

33.     On August 3, 2022, Plaintiff's counsel sent a letter to Sun Life asking that it agree to a extension of the limitations period stated in the insurance policy to allow Plaintiff and Sun Life to complete the claims process.

34.     Sun Life did not respond to Plaintiff's August 3, 2022 letter and did not sign and return the requested tolling agreement.

35.     Pursuant to ERISA claims regulations, Sun Life had 45 days to decide Plaintiff's claim for LTD benefits. 29 C.F.R. § 2560.503-1(f)(3). A decision was therefore due no later than November 13, 2020, 45 days after Sun Life received Plaintiff's letter requesting LTD benefits on September 29, 2020.

36.     Sun Life did not decide Plaintiff's claim within 45 days of receiving it.

37.     Sun Life did not send Plaintiff LTD claim forms at all until July 1, 2022.

38.     The ERISA claims regulations, at 29 C.F.R. §§ 2560.503-1(l), state that:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act…

39.     Sun Life's failure to acknowledge Plaintiff's multiple attempts to begin an LTD claim until July 1, 2022 constitutes a failure to follow the claims procedures provided by those regulations.

40.     Because of Sun Life's failure to timely respond to Plaintiff's request for LTD benefits, Plaintiff's administrative remedies are deemed exhausted by operation of the claims regulations, specifically 29 C.F.R. § 2560.503-1(l).

41. As Plaintiff has received at least two denials of her STD claim from Sun Life, administrative remedies are also exhausted on that claim. The STD policy states that only one appeal of such a claim is required.

42. Plaintiff was and continues to be disabled under the terms of both Plans.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

43. Under the terms of the Plans, Defendants agreed to provide Plaintiff with short term and long term disability benefits in the event that Plaintiff became disabled as defined by the Plans.

44. Plaintiff is disabled and entitled to benefits under the terms of the Plans.

45. Defendant failed to provide benefits due under the terms of the Plans and these denials of benefits to Plaintiff constitute breaches of the Plans.

46. The decisions to deny these benefits were wrong under the terms of the Plans.

47. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

48. The decisions to deny benefits were not supported by substantial evidence in the record.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan.

50. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue

to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. Plaintiff's reasonable attorney fees and costs; and

5. Such other relief as this court deems just and proper.

Dated this 17th day of September, 2022.

                                              Respectfully submitted,

                                 BY:     *s/Jeremy L. Bordelon*
                                        Jeremy L. Bordelon, OSB No. 160789